

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ARTHUR STEINBERG, as temporary receiver of
Sagam Capital Management Corp. and Sagam
Capital LLC; B.B.C.F.D., S.A.; SKILLED
INVESTORS INC.,

                  Plaintiffs,

-against-

BANK JULIUS BAER & CO., LTD.; WAXFIELD
LTD.,

                  Defendants.

------------------------------------------------------------ x

**ORDER DIRECTING ENTRY OF JUDGMENT**

04 Civ. 2339 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    WHEREAS, on November 12, 2010, an arbitration panel of the International Centre for Dispute Resolution ("ICDR") section of the American Arbitration Association ("AAA") issued a final arbitration award in an arbitration captioned <u>Waxfield Ltd. v. Bank Julius Baer & Co. Ltd., and Bank Julius Baer & Co., Ltd. v. Waxfield Ltd. & Productos Paraiso Del Peru, S.A.</u>, Case No. 50 148 T 00073 06 ("Final Award");

    WHEREAS, on November 15, 2010, Waxfield Ltd. ("Waxfield") and Productos Paraiso Del Peru, S.A. ("PPP") submitted to this Court a Motion to Partially Vacate and Modify the Final Award;

    WHEREAS, on December 2, 2010, Bank Julius Baer & Co. Ltd. (the "Bank") submitted a Cross-Motion to Confirm the Final Award;

    WHEREAS, on December 8, 2010, Rutland Enterprises Inc., A.V.V. ("Rutland") submitted a Motion to Partially Vacate and Modify the Final Award;

WHEREAS, on December 23, 2010, the Bank submitted a Motion for Leave to File a Reply Brief in Support of the Motion to Confirm the Final Award;

WHEREAS, on December 23, 2010, Waxfield and PPP submitted a Motion for Leave to Amend their Motion to Partially Vacate and Modify the Final Award to Include a Request for an Evidentiary Hearing;

WHEREAS, on May 10, 2011, Rutland submitted a Motion to Intervene;

WHEREAS, on August 17, 2011, the Court heard argument on these motions; and

WHEREAS, on August 18, 2011, the Court entered a summary order directing the parties to settle judgment on five days' notice in accordance with its terms.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction with respect to the above motions.
2. The Bank's Cross-Motion to Confirm the Final Award is granted.
3. Waxfield and PPP's Motion to Partially Vacate and Modify the Final Award is denied.
4. Waxfied and PPP's Motion for Leave to Amend Their Motion to Partially Vacate and Modify the Final Award to Include a Request for an Evidentiary Hearing is denied.
5. Rutland's Motion to Partially Vacate and Modify the Final Award is denied.
6. Rutland's Motion to Intervene is denied.
7. The Bank's Motion for Leave to File a Reply Brief in Support of the Motion to Confirm the Final Award is denied as moot.

8. In accordance with the Final Award, judgment shall be entered in favor of the Bank against Waxfield and PPP as follows:

   A. With respect to the arbitration claims of Waxfield and BJB, judgment against Waxfield in the amount of $2,339,869.00 minus $28,270.75 equaling $2,311,598.25;

   B. With respect to the arbitration claims of BJB and PPP, judgment against Waxfield and PPP jointly and severally in the amount of $9,602,412.00 minus $116,018.18 equaling $9,486,393.82;

   C. With respect to attorneys fees, and expenses other than those set forth in paragraphs D(1) and D(2) below, judgment against Waxfield and PPP jointly and severally in the amount of $8,193,787.36;

   D. (1) With respect to the administrative fees and expenses of the American Arbitration Association, judgment against Waxfield in the amount of $29,515.40, and against Waxfield and PPP jointly and severally in the amount of $12,649.46;

   (2) With respect to the compensation and expenses of the arbitrators, judgment against Waxfield in the amount of $774,564.79, and against Waxfield and PPP jointly and severally in the amount of $331,956.34;

   E. The amounts awarded BJB under A, B, C and D above shall bear interest from November 12, 2010 until paid at the rate provided under N.Y.C.P.L.R. §5004, which is nine per centum per annum;

   F. BJB is hereby permitted and authorized to withdraw from the Citibank escrow account such amounts as are due it under paragraphs A, B, C,

        D and E above. Subject to final determination of the claims of third parties and of any claims of the parties to the arbitration (Waxfield, PPP, and BJB) that were not the subject of the arbitrations and after the payment of all such claims that are determined to be due and owing and the payment to BJB of such amounts as are due and owing under paragraphs A, B, C, D and E above, Waxfield is permitted to withdraw the balance remaining in the Citibank escrow account.

SO ORDERED.

Dated:  October 5, 2011
       New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge